## United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Blanche M. Manning | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 08 C 1666 | **DATE** | April 16, 2008 |
| **CASE TITLE** | Andre Williams (#2007-0030801) v. Edwin Burnette | | |

**DOCKET ENTRY TEXT:**

The plaintiff's current application to proceed *in forma pauperis* [5] is denied without prejudice to the plaintiff submitting a completed application within 30 days of the date of this order. Alternatively, the plaintiff may pay the $350 filing fee. The clerk is directed to send the plaintiff another *in forma pauperis* application, along with a copy of this order. Failure to comply with this order within 30 days will lead to summary dismissal of this case.

■ [**For further details see text below.**]                                                          Docketing to mail notices.

### STATEMENT

   Plaintiff Andre Williams (#2007-0030801), who is currently incarcerated at Cook County Jail, has filed this civil rights complaint under 42 U.S.C. § 1983 against an Assistant Public Defender, as well as the defender's supervisors. The plaintiff alleges that the Assistant Public Defender representing him in a state criminal proceeding gave him improper advice. However, prior to this court conducting a preliminary review of the complaint to determine if it sufficiently states valid claims, the issue of the filing fee must be resolved. The plaintiff's current application to proceed *in forma pauperis* is incomplete as it does not include a copy of his jail trust fund account for a six-month period preceding his filing of this complaint.

   The Prison Litigation Reform Act requires all inmates to pay the full filing fee. If an inmate is unable to prepay the $350 filing fee, he may submit an application to proceed *in forma pauperis*, which allows the inmate to pay the filing fee in installments. The *in forma pauperis* application must be on this court's form. If the court grants the inmate's application, the court will direct correctional officials to deduct an initial partial payment of the filing fee directly from the inmate's trust fund account, and to make further monthly deductions from that account until the full filing fee is paid. To enable the court to determine if the plaintiff qualifies as a pauper and to make the necessary assessment of the initial partial filing fee, the plaintiff must, with his application, "submit a certified copy of the trust fund account statement (or institutional equivalent) for the prisoner for the 6-month period immediately preceding the filing of the complaint . . . , obtained from the appropriate official of each prison at which the prisoner is or was confined." 28 U.S.C. § 1915(a)(2).
**(CONTINUED)**

isk

**STATEMENT (continued)**

Because the plaintiff's current *in forma pauperis* application lacks a copy of his jail trust fund account, the court denies the application without prejudice to the plaintiff submitting a completed application within 30 days of the date of this order. If the plaintiff wants to proceed with this case, he must either pay the $350 filing fee or submit a completed *in forma pauperis* application on the form being provided, and include a copy of his inmate trust account statement for the six-month period immediately preceding the filing of the current complaint. Failure to comply with this order within 30 days of the date of this order will result in summary dismissal of this case. *See* Local Rule 3.3(e).

The court also notes that the complaint, which alleges claims against the plaintiff's public defender and his defender's supervisors, does not appear to state valid civil rights claims. First, defense attorneys, even public defenders, are not considered "state actors" under § 1983, and cannot be sued for damages. *Polk County v. Dodson*, 454 U.S. 312, 325 (1981); *see also Cornes v. Munoz*, 724 F.2d 61, 63 (7th Cir. 1983). Second, a plaintiff may not raise a civil rights claim if success on that claim would necessarily call into question the validity of a conviction or would interfere with a pending criminal case. *See Heck v. Humphrey*, 512 U.S. 477, 485-87 (1994); *Simpson v. Rowan*, 73 F.3d 134, 138 (7th Cir. 1995). Plaintiff may be able to assert claims about his attorney's ineffectiveness in his current criminal proceedings or in a post-conviction proceeding; however, such assertions do not state claims for a civil rights relief. For these reasons, if the plaintiff proceeds with this action, he may incur the imposition of a strike under 28 U.S.C. § 1915(g) (the dismissal of an inmate's case as frivolous, or for failure to state a claim, or for seeking monetary relief against a party immune from such relief may be considered a strike). If an inmate accumulates three strikes, he may not proceed *in forma pauperis* in a civil case in this court or on appeal unless he first demonstrates that he is in imminent danger of serious physical injury. 28 U.S.C. § 1915(g).

Accordingly, the plaintiff's current application to proceed *in forma pauperis* [5] is denied without prejudice to the plaintiff submitting a completed application within 30 days of the date of this order. Alternatively, the plaintiff may pay the $350 filing fee. The clerk is directed to send the plaintiff another *in forma pauperis* application, along with a copy of this order. Failure to comply with this order within 30 days will lead to summary dismissal of this case.